UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | **Filed / Docketed** |
| | ) | **August 10, 2009** |
| HANCOCK, MARY C., | ) | Case No. 08-11867-R |
| | ) | Chapter 7 |
| Debtor. | ) | |

# MEMORANDUM OPINION

Before the Court is the Motion to Dismiss Bankruptcy Case and Notice of Opportunity for Hearing ("Motion to Dismiss") (Doc. 48) filed by the Chapter 7 Trustee, Steven W. Soulé (the "Trustee"), on June 26, 2009, and the Debtor's Objection to Motion to Dismiss (Doc. 56) filed by attorney Greggory T. Colpitts ostensibly on behalf of the Debtor, Mary C. Hancock ("Debtor"), who is deceased. The Court held an evidentiary hearing on the Motion to Dismiss on July 29, 2009. Upon consideration of the pleadings and record in this case, the evidence presented, briefs, oral argument and applicable law, the Court finds and concludes as follows:

**Jurisdiction**

The Court has jurisdiction of this core proceeding by virtue of 28 U.S.C. §§ 1334, 157(a), and 157(b)(2)(A) and (O); and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma.

**Findings of fact**

On August 14, 2008, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. On October 16, 2008, the Court confirmed Debtor's First Amended Chapter 13 Plan. At 11:15 a.m. on May 8, 2009, Debtor's attorney, Mr. Colpitts, filed a Notice of Conversion, which stated–

> Notice is given that: Pursuant to 11 U.S.C. § 1307(a) and Federal Rule of Bankruptcy Procedure 1017, the Debtor herein converts the above-captioned case under Chapter 13 to a case under Chapter 7 of Title 11.

Notice of Conversion (Doc. 28). The Notice was signed by Mr. Colpitts on behalf of Debtor. At 11:19 a.m. on May 8, 2009, Mr. Colpitts filed a Notice of Death which stated that "Notice is given that: On Saturday, May 2, 2009, the Debtor, Mary C. Hancock passed away." Notice of Death (Doc. 30).[1]

The Clerk of the Court issued a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines (Doc. 35), notifying creditors that the case had been converted from Chapter 13 to Chapter 7, and that Steven W. Soulé had been appointed Chapter 7 Trustee. The Trustee held a meeting of creditors on June 9, 2009, at which Mr. Colpitts and Debtor's non-filing husband, Mr. Hancock, appeared (Doc. 40 and 43). On June 26, 2009, the Trustee filed his Motion to Dismiss.

At the hearing on the Motion to Dismiss, Mr. Colpitts elicited testimony from Mr. Hancock which established that Debtor sought a discharge of credit card debt (which totaled approximately $70,000) that was incurred solely by Debtor and that arose from her chronic, and perhaps pathological, inability to control her spending habits. Mr. Hancock was not a

---

[1]Also on May 8, 2009, Mr. Colpitts filed a Chapter 7 Individual Debtor's Statement of Intention (Doc. 43), which indicated that Debtor's non-filing husband would pay the debts secured by Debtor's homestead and her 2009 Toyota Camry. Although Debtor passed away on May 2, 2009, Debtor's signature was represented on the statement as "/s/ Mary C. Hancock" and the signature was dated May 8, 2009. On June 3, 2009, the Court held a status conference to allow Mr. Colpitts and the Trustee to address whether conversion of a deceased debtor's bankruptcy case was permitted under the Bankruptcy Code and Rules, and the propriety of the representation that the statement of intention was signed by the Debtor. Thereafter, Mr. Colpitts withdrew the statement of intention (see Doc. 38).

co-debtor on any of credit card debts that Debtor sought to discharge. Although Debtor advised Mr. Colpitts that she desired a Chapter 7 discharge, Mr. Hancock's income of $7600 per month, when added to Debtor's income of approximately $1400 per month, produced a household income figure that rendered a Chapter 7 filing "presumptively abusive" under the means test set forth in Section 707(b) of the Bankruptcy Code. Therefore, Debtor filed for relief under Chapter 13, and the Court confirmed a 60 month plan under which Debtor was to pay $160 per month. As of the date of the Notice of Conversion, Debtor paid a total of $1440 to the Chapter 13 trustee, of which $1,289.03 was paid to Mr. Colpitts, $125.27 was paid to the Chapter 13 trustee, and $25.70 to unsecured creditors. Chapter 13 Standing Trustee's Final Report and Account (Doc. 61). Mr. Hancock stated that he believes that Debtor would have wanted the case converted to Chapter 7 after her death so that a discharge could be entered.

Mr. Colpitts admitted that a Chapter 7 discharge would not be of any tangible benefit to Debtor, but believed that it would benefit Mr. Hancock, as he could "move on with his life" knowing that Debtor's debts had been discharged. No evidence was presented addressing whether conversion of Debtor's case to Chapter 7 is in the best interests of Debtor's creditors or other parties in interest. In addition, no evidence was presented to establish who is legally entitled by will, trust, statute, or by appointment to act on behalf of Debtor's estate following her death.

**Contentions of the parties**

In his Motion to Dismiss, the Trustee contends that (1) Bankruptcy Rule 1016 does not authorize conversion of a Chapter 13 case to a case under Chapter 7 after the death of the

3

Chapter 13 debtor; (2) under 11 U.S.C. § 1307(g), a Chapter 13 case may not be converted to another chapter unless "the debtor may be a debtor under such chapter," and under 11 U.S.C. § 109(b), only "persons" are eligible to be Chapter 7 debtors and a decedent's estate is not a "person"; and (3) pursuant to 11 U.S.C. § 1307(a) and (f), only a "debtor" may request conversion of his or her Chapter 13 case to another chapter, not the debtor's estate or the debtor's attorney.  Because the Motion to Dismiss challenges the propriety of the conversion of this case to Chapter 7, the Court construes the motion as seeking an order striking the Notice of Conversion and dismissing the Chapter 13 case under Bankruptcy Rule 1016.

      Mr. Colpitts argues that (1) because Bankruptcy Rule 1016 allows for a Chapter 13 case to "proceed and be concluded in the same manner, so far as possible, as though the death . . . had not occurred," it authorizes Debtor (or someone on her behalf) to exercise all options that would have been available to Debtor had she not died, including conversion; (2) Debtor's original declaration of her desire to obtain a Chapter 7 discharge authorized Mr. Colpitts to file any pleadings necessary to secure Debtor's discharge, including the Notice of Conversion after her death; and (3) because Bankruptcy Rule 1016 provides that "[d]eath . . . of the debtor shall not abate a liquidation case under Chapter 7 of the Code" and that the "estate shall be administered and the case conclude . . . as though death . . . had not occurred," the Trustee has not alleged cause that would support dismissal of Debtor's Chapter 7 case.

**Conclusions of law**

      Bankruptcy Rule 1016 provides—

> Death or incompetency of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or incompetency had not occurred. If a reorganization, family farmer's debt adjustment, or individual's debt adjustment case is pending under chapter 11, chapter 12, or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.

Fed. R. Bankr. P. 1016 ("Rule 1016").

This case is currently in a Chapter 7 posture due to the Notice of Conversion filed by Mr. Colpitts and the administrative events that automatically followed the notice (i.e., issuance of a notice to creditors, appointment of a Chapter 7 trustee, etc.).[2] If conversion after death of a debtor is in fact authorized under the Bankruptcy Code and Rules, then, according to Rule 1016, Debtor's Chapter 7 case "shall be administered and the case concluded in the same manner, as far as possible, as though the death . . . had not occurred." Fed. R. Bankr. P. 1016.

The first issue raised by the Trustee is whether the Chapter 13 case was effectively converted, *i.e.*, whether Mr. Colpitts had the power or authority to file the Notice of Conversion. If he did, the next issue is whether conversion from Chapter 13 to Chapter 7 after the death of a debtor is allowed under Rule 1016. Finally, even if conversion from Chapter 13 to Chapter 7 is authorized by Rule 1016, the Court must be satisfied that it is "in the best interests of the parties" to allow the case to "proceed" by converting it to Chapter 7.

---

[2] A Chapter 13 case is converted to a case under Chapter 7 without a court order "when the debtor files a notice of conversion." Fed. R. Bankr. P. 1017(f)(3).

Assuming without deciding that Mr. Colpitts had the power to act on behalf Debtor or her estate after Debtor's death (a proposition that was not established by evidence or legal authority), and further assuming without deciding that conversion from Chapter 13 to Chapter 7 is an option under Rule 1016 after a debtor's death,[3] the Court finds and concludes that Mr. Colpitts did not establish that it is in the best interests of the parties to "proceed . . . as though the death had not occurred" by converting the case to Chapter 7.

Generally, a debtor benefits from a Chapter 7 discharge by obtaining a "fresh start," but in this case, Debtor can no longer take advantage of a fresh start. Accordingly, the Court does not find that conversion is in the best interests of Debtor. No evidence was presented to establish that conversion is in the best interests of creditors. In her schedules, Debtor claimed all property of the estate exempt, and therefore if the case proceeds as a Chapter 7 case, no assets will be available for liquidation and distribution to creditors. The Court declines to speculate whether assets may be available for satisfaction of creditors' claims in absence of this bankruptcy proceeding, but concludes nevertheless that the potential of some distribution from the decedent's estate is better than the certainty of no distribution from the

---

[3] Courts that have considered this issue have held that the administrator of a decedent's estate may not convert a Chapter 13 case to a case under Chapter 7 because only a "debtor" may convert a case (11 U.S.C. § 1306(a)); a case may not be converted to Chapter 7 unless the debtor may be a "debtor" under the new chapter (11 U.S.C. § 1307(g)); only a "person" may be a "debtor" (11 U.S.C. § 109(a)); and a decedent's estate is not a "person" (see 11 U.S.C. § 101(41)). See, e.g., In re Spiser, 232 B.R. 669, 673 (Bankr. N.D. Tex. 1999); In re Jarrett, 19 B.R. 413, 414 (Bankr. M.D.N.C. 1982). See also Goerg v. Parungao (In re Goerg), 844 F.2d 1562, 1566 (11th Cir. 1988) (probate estate is not a "person" eligible to file bankruptcy case); In re Roberts, 2005 B.R. 3108224 (Bankr. D. Md. 2005); In re Whiteside, 64 B.R. 99, 100-01 (Bankr. E.D. Cal. 1986) (same); In re Patterson, 64 B.R. 807 (Bankr. W.D. Tex. 1986) (same).

Chapter 7 Trustee. Also weighing against conversion as in the best interests of creditors is the opposition of the Chapter 7 Trustee, who has fiduciary duties to maximize the return to creditors of Debtor's estate.

Although Mr. Colpitts asserts that conversion is in Mr. Hancock's best interests, Mr. Hancock is not liable on the unsecured debts that would be discharged in Debtor's Chapter 7 case. Debtor's creditors are not entitled to pursue Mr. Hancock, or his income or assets, for payment of Debtor's separate debts regardless of whether the debts are discharged. Further, it would be inequitable to Debtor's creditors, and contrary to bankruptcy policy, to condone conversion solely in order to allow Mr. Hancock (and/or Debtor's other heirs, legatees, or beneficiaries) to acquire Debtor's assets free of Debtor's creditors' claims.

**Conclusion**

Accordingly, the Court concludes that it has not been established that it is "in the best interest of the parties" to permit Debtor's Chapter 13 case to "proceed"— that is, to allow the case to continue as a case converted to Chapter 7. The Notice of Conversion should therefore be and is hereby stricken, and Debtor's Chapter 13 case should be and is hereby dismissed. Pursuant to Bankruptcy Rule 9021 and Rule 58 (a) of the Federal Rules of Civil Procedure, a separate order striking the Notice of Conversion and granting the Motion to Dismiss will be entered contemporaneously herewith.

**SO ORDERED** this 10th day of August, 2009.

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE